## MILLER, EXECUTOR, *v.* STEELE ET AL.

DECEDENTS' ESTATES.—*Reopening Final Settlement.*—*Negligence of Executor in Collecting Debts Due Estate.*—*Credit for Worthless Claim.*—Negligence on the part of an administrator or executor, in failing to attempt to collect a matured promissory note belonging to his decedent's estate and described upon the inventory thereof, until the maker became insolvent and the note worthless, is ground sufficient, under section 116 of the decedents' estates' act, to reopen the final settlement of such executor or administrator, wherein he had asked and received a credit for the amount of such note as a worthless claim.

SAME —*Mistake.*—*Fraud.*—Fraud or mistake on the part of the executor or administrator in making final settlement of his trust is ground sufficient for reopening such settlement.

From the Montgomery Circuit Court.

*A. Thomson, B. T. Ristine, T. H. Ristine,* and, *H. H. Ristine,* for appellant.

*W. P. Britton* and *M. W. Bruner,* for appellees.

HOWK, C. J.—In this action, the appellees sued the appellant, in a complaint of three paragraphs.

To each of these paragraphs the appellant demurred, upon the ground that it did not state facts sufficient to constitute a cause of action. This demurrer was overruled, and the appellant excepted, and then answered in three paragraphs.

The appellees replied, by a general denial, to the second and third paragraphs of appellant's answer.

The issues joined were tried by a jury, and a verdict was returned for the appellees.

The appellant's motions for a new trial, and in arrest of judgment, were severally overruled by the court, and to each of these decisions he excepted, and judgment was rendered on the verdict.

In this court, the appellant has assigned, as errors, the several decisions of the court below, in overruling his demurrer to the different paragraphs of the appellees' complaint, and his motions for a new trial and in arrest of judgment.

We will consider first the sufficiency of the complaint.

In the first paragraph of their complaint, the appellees alleged, in substance, that, on the —— day of ——, 1872, William Miller, the father of the appellees and also of the appellant, died, leaving them, the appellees and appellant, as his only heirs at law; that afterward, on the 18th day of October, 1872, the appellant was duly appointed and qualified as the executor of the estate of said William Miller, deceased; that, as such executor, he made and filed an inventory, containing a list of the assets of said estate coming into his hands, among which were two promissory notes signed by A. J. Snyder, one dated March 27th, 1872, for three hundred and eighty-seven dollars, and the other for three hundred dollars, dated the 18th day of ——, 1869; that said notes amounted in the aggregate to eleven hundred dollars; that, on the 2d day of October, 1875, the appellant, as administrator, but in reality as executor, made a pretended final settlement of said estate, which was approved by the court below, and he was thereby discharged from the further execution of his said trust; that, in said settlement, the appellant asked a credit of seven hundred and sixty-seven dollars and thirty-one cents, on account of the insolvency of said A. J. Snyder, the said notes, as the appellant alleged, not being collectible for that reason; that the appellant made no explanation whatever of the circumstances of the insolvency of said Snyder, in said settlement,

but simply asked credit for the amount of said two notes because Snyder was insolvent and the notes were not collectible, and for no other reason ; that the appellant did receive a credit for the amount of said two notes, in said final settlement ; but the appellees averred, that the allowance of such credit was illegal and wrongful, and should never have been made ; that, at the time the appellant took said notes into his possession, as executor, they were good, solvent and due, and, for a long time thereafter, they could have been collected from said Snyder, if the appellant had made a proper effort to collect them ; that the appellant entirely failed to prosecute said Snyder on said notes, but allowed them to stand until he became insolvent and unable to pay his debts ; that the appellees were unable to give a more particular description of said notes, for the reason that the appellant, in making his final settlement, did not file them with the files of said estate, and had retained them, as the appellees believed, in his possession ; that the appellant was negligent in collecting said notes, whereby they were wholly lost to said estate ; that the appellant was in reality the executor of said estate, although he had described himself, in said final settlement, as administrator thereof. Wherefore the appellees asked that said final settlement be revoked and reopened, and for all other proper relief.

It will be seen from the averments of this paragraph of their complaint, that the appellees sought therein and thereby to have the appellant's final settlement of the estate of William Miller, deceased, revoked and reopened, upon the ground that such final settlement appeared to have been illegally made.

In section 116 of the act providing for the settlement of decedents' estates, approved June 17th, 1852, it is provided as follows :

" Sec. 116. After the debts and legacies of an estate and

charges of administration are paid, and all claims in favor of such estate are disposed of according to law, the executor or administrator shall be discharged from the further administration thereof, and no final settlement shall be revoked or reopened, except by appeal to the circuit court, and the same shall there appear to have been illegally made : *Provided; however*, That any person interested in said estate so settled, may have said settlement set aside for mistake or fraud, at any time within three years after said settlement, and if such person be under any legal disabilities at the time of said settlement, then within three years after the removal of such disability." 2 R. S. 1876, p. 537.

It will be observed, that, in the first paragraph of their complaint, the appellees do not charge the appellant with either mistake or fraud, in express terms, in making his final settlement of the estate of his testator, William Miller, deceased. It is alleged that the appellant was negligent, in and about the collection of the Snyder notes ; but it is not directly alleged that his final settlement of his testator's estate was illegally made. It seems to us, however, that it may be inferred, fairly and reasonably, from the facts averred in the first paragraph, that the final settlement had been illegally made by the appellant, in this, that he had asked and obtained credit, in his final settlement, for the amount of the Snyder notes, which, by his failure, as alleged, to use due diligence in collecting the same, had become lost to his decedent's estate.

The appellees alleged, that, when the appellant, as executor, took possession of said notes, they were good, solvent and due, and that, for a long time thereafter, they could have been collected from said Snyder, if the appellant had made a proper effort to collect them. If these averments were true, and by his demurrer the appellant admitted their truth, it is very clear, we think, that the allowance of a credit to the appellant, in his final settlement, for the

amount of the Snyder notes, was illegal and wrongful, and ought never to have been made. If the allowance of such credit to the appellant, in his final settlement, was illegal and wrongful, then the settlement would appear to have been illegally made ; and, if the settlement shall " appear to have been illegally made," then, under the terms of the statute, it ought to be " revoked or reopened."

The law demands of an executor or administrator diligence in the discharge of the duties of his trust. In section 151 of the decedents' estates' act, the executor or administrator is clothed with " full power to maintain any suit in any court of competent jurisdiction, in his name as such executor or administrator, for any demand of whatever nature due the decedent in his lifetime." 2 R. S. 1876, p. 546. If the executor or administrator is lenient or indulgent to the debtors of his decedent, and forbears to sue them, he acts at his peril and incurs a personal liability, which may result in serious loss. For, in section 162 of the act for the settlement of decedents' estates, it is provided, that " Any executor or administrator may be sued on his bond, by any creditor, heir, legatee, or surviving or succeeding [executor or administrator],co-executor or co-administrator of the same estate, for any of the following causes, viz. : * *

" *Third.* Failure to use due diligence in collecting claims due the estate." 2 R. S. 1876, p. 349.

In our opinion, the facts alleged by the appellees in the first paragraph of their complaint were sufficient to show that the final settlement, therein mentioned, had been illegally made by the appellant, and ought to be revoked or reopened. The demurrer to this paragraph was correctly overruled.

There is no substantial difference in the allegations of the second, from those of the first, paragraph of the complaint. It was alleged in the second paragraph, that the delay of the appellant, in the collection of the Snyder notes, was fraudu-

lent as well as negligent, and that is the only difference we have found between the allegations of the two paragraphs. The paragraph was sufficient, we think, without the fraudulent charge, and that charge will not vitiate the paragraph, but we fail to see that it is strengthened thereby. The court did not err in overruling the appellant's demurrer to the second paragraph of the complaint.

In the third paragraph of their complaint, the appellees alleged, that the appellant made certain mistakes, which were specifically pointed out, in his final settlement of said estate. In said section 116 of the decedents' estates' act, above quoted, it is provided that a final settlement may be set aside for mistake. The allegations of this third paragraph were sufficient, we think, under the statute, and the demurrer thereto was properly overruled.

There is no bill of exceptions in the record, and therefore the alleged error of the court, in overruling the appellant's motion for a new trial, presents no question for our decision.

What we have said in considering the sufficiency of the several paragraphs of the complaint also disposes of the alleged error of the court in overruling the motion in arrest of judgment; for if, as we hold, the several paragraphs of the complaint were sufficient, on the appellant's demurrer thereto for the want of facts, it is clear that his motion in arrest of judgment was properly overruled.

The judgment is affirmed, at the appellants' costs.