Filed Dec. 12, 1883.

---

No. 10,901.

CHASE ET AL. *v.* BEESON, ADMINISTRATOR, ET AL.

DECEDENTS' ESTATES. — *Vacating Final Settlement.* — *Fraud.* — *Pleading.* — Where an administrator, fraudulently, by promises to pay a creditor of the deceased, who is sick, with no friends at hand but the family of the debtor, puts him off his guard so that he does not file his claim, and then fraudulently and without notice to the creditor makes final settlement of the estate and is discharged, the estate being solvent and the creditor not appearing nor being summoned, the creditor may, on application stating the facts, have the final settlement vacated by virtue of section 2403, R. S. 1881. But such an application stating facts which merely raise an inference of unfair dealing by the administrator towards the creditor, and making a general charge of fraud, is not sufficient. .

From the Fayette Circuit Court. ·

*J. O'Brien* and *C. C. Shirley,* for appellants.

*J. I. Little,* for appellees.

ZOLLARS, J.—Appellants Nancy Chase and Francis M. Morgan, as the brother and sister, and the only heirs at law, of Diana P. Morgan, instituted this proceeding against Othniel Beeson, as the administrator of the estate of Temple Beeson, deceased, and the other appellees as his heirs at law, to set aside the final settlement in the estate of said Temple Beeson. The proceeding is based upon section 2403, R. S. 1881.

The petition or complaint is in three paragraphs. In each paragraph, the right of appellants to proceed as petitioners or plaintiffs is established by sufficient averments. Separate demurrers were filed to each paragraph by the administrator and the heirs. These demurrers were sustained, and judgment rendered against appellants. From this judgment they prosecute this appeal, and assign as error the sustaining of the demurrers.

The averments of the third paragraph, upon which appellants ask to have the final settlement set aside and the estate reopened, may be summarized as follows:

Diana P. Morgan, for many years, was a servant in the family of Temple Beeson, and with him was the owner of an undivided interest in real estate in Howard county. This land was sold in 1872. Temple Beeson collected her portion of the amount received for it, and agreed to pay it over to her with interest. At his death, on the 15th day of January, 1881, he was indebted to her for the amount so received, and interest on the same, and for services, in the sum of about $4,-000. After the death of Temple Beeson, appellee Othniel Beeson was appointed the administrator of his estate. Until the taking effect of the act of 1881, viz., September 19th, 1881, said administrator had been accustomed to pay claims against the estate without requiring them to be filed and proven in court. From the death of Temple Beeson until her death, on the 15th day of April, 1882, Diana P. Morgan still lived in the family of said Beeson. From September, 1881, until her death, she was an invalid, unable to go to the county

seat to file her claim, and had no relative or friends near to assist her except the Beeson family. " With a wicked, vicious and unlawful intent and purpose to deceive her, the said Othniel Beeson, administrator, on repeated occasions, both before and after the law required that claims should be filed in the proper court * * * against estates, told her * * that he would pay her claim, or pay by way of compromise, $2,000 on said claim in settlement thereof, without requiring said claim to be filed in court, and thus threw her off her guard; that she believed he would pay her claim off, or as much as $2,000, without trouble to her; that such statements by said Othniel Beeson were made alone for the fraudulent and wrongful purpose of misleading and deceiving her * * as to the real intention of the defendants, as to her * * said debt and claim against said estate; that for the purpose of consummating the wrongful and fraudulent purpose of the defendants in cheating her * * out of her claim, and avoiding payment of the same by the estate of said Temple Beeson, the said Othniel Beeson, as administrator, prepared and filed a report, * * * and caused the same to be entered of record, and approved *: * * on the 4th day of April, 1882, without giving to said Diana P. Morgan any personal notice whatever, by summons or otherwise, of the filing and pendency of said report, and with a full knowledge on his part, and of all the defendants, that she * * was disabled and diseased, and had been for six months prior to the date of filing said report, so that she could not attend to filing her claim against said estate and enforcing the allowance of the same. Neither of these plaintiffs had any personal notice by summons or otherwise of the filing and pendency of said final report and settlement of Temple Beeson's estate by said Othniel Beeson, as the administrator thereof; and neither said Diana P. Morgan, nor either of these plaintiffs, attended such final settlement in person."

There is a further averment that there was fully $10,000 worth of property belonging to the estate of Temple Beeson, unused in the administration of said estate, and capable of

being made assets. in the hands of the administrator for the payment of the debt due to Diana P. Morgan.

It is provided in the section of the statute above mentioned, among other things, as follows: "When final settlement of an estate shall have been made and the executor or administrator discharged, any person interested in the estate, not appearing at the final settlement, nor personally summoned to attend the same, may have such settlement, or so much thereof as affects him adversely, set aside, and the estate reopened, by filing in the court in which the settlement was made, within three years from the date of such settlement, his petition, particularly setting forth the illegality, fraud, or mistake in such settlement or in the prior proceedings in the administration of the estate, affecting him adversely."

It is not the duty of the administrator to assist claimants in the filing and allowance of their claims, nor to keep the estate open for the filing of such claims. As to all unfounded or doubtful claims, it his duty to make resistance. On the other hand, as to all *bona fide* creditors, the administrator holds the estate in trust, and it is clearly not his duty, by any kind of unfair dealing, deceit or fraud, to defeat the filing and allowance of their claims. To practice such fraud or deceit, and thereby prevent the filing, allowance and payment of such claims, is a clear violation of duty on the part of an administrator. Such a practice will not be allowed to inure to his benefit, or to the benefit of the estate he may represent. The purpose of the above statute is to prevent such wrong. The portion of the petition above set out, the truth of which, of course, is admitted by the demurrer, shows very clearly, as we think, that by false statements and promises, Diana P. Morgan, while away from friends, and sick in the debtor's family, was led to believe that no action on her part was required to procure the adjustment and payment of her claim. Such being the case, her representatives are entitled to have the final settlement set aside and the estate reopened, that they may have an oppor-

tunity to prove the claim, and have it paid out of the assets of the estate. As bearing more or less directly upon the question here decided, see *Miller* v. *Steele,* 64 Ind. 79, and *Zeek* v. *Reed,* 69 Ind. 319.

The averment in the petition or complaint that, upon the hearing of the final report, no proof was made to the court that the proper notice of such hearing had been given, is not equivalent to an averment that such notice had not been given, and is insufficient to authorize a setting aside of the final settlement.

The court below struck out a portion of the third paragraph. The portion thus struck out has not been brought back into the record by a proper bill of exceptions, and is, therefore, not properly before us. It is, however, copied into the transcript; we have examined it and conclude that appellants were not injured by the ruling in striking it out. It relates to the sale of real estate and the purchase of it by the administrator. The complaint shows the existence of ample funds aside from the real estate so purchased by the administrator, and contains no averment that the funds arising therefrom were improperly applied by him.

The statements of the first and second paragraphs of the complaint are such as raise an inference of unfair dealing with a sick and infirm woman, but they are not sufficient to justify the setting aside of the final settlement. The charge that the final report was made and filed to defraud Diana P. Morgan out of her claim, is too general to be available as a charge of fraud. The specific facts should be stated. *Over* v. *Hetherington,* 66 Ind. 365, and cases cited.

It results, from the conclusions we have reached, that the demurrers were properly sustained to the first and second paragraphs of the complaint, and improperly sustained to the third. The judgment is, therefore, reversed, with costs, and cause remanded, with instructions to the trial court to overrule the demurrer to the third paragraph of the complaint.

Filed Dec. 11, 1883.