## KINGAN & COMPANY, LIMITED, v. HAWLEY ET AL.

[No. 3,918. Filed June 19, 1902.]

EXECUTORS AND ADMINISTRATORS.—*Setting Aside Final Settlement Report.*—*Fraud.*—A complaint to set aside a final settlement report of a decedent's estate alleged that plaintiff had obtained a judgment against decedent, which was a lien against the estate; that the administrator was informed of said debt and promised to pay the same whenever funds came into his hands, and requested plaintiff not to file its claim; that he proceeded to settle the estate as solvent and thereafter filed a final settlement report with-

out notice or order of court, showing that he had paid all of the assets on preferred claims. *Held*, that the complaint was sufficient under §2558 Burns 1901.

From Union Circuit Court; *F. S. Swift*, Judge.

Action by Kingan & Co. against William Hawley, administrator, and another, to set aside a final settlement report. From a judgment sustaining a demurrer to the complaint, plaintiff appeals. *Reversed*.

*T. D. Evans*, for appellant.
*L. H. Stanford* and *R. E. Barnhart*, for appellees.

Roby, J.—Action by appellant. Demurrers to complaint sustained. Failing to plead further, judgment for costs was rendered from which the appeal is taken.

The sole question is whether the complaint states facts sufficient to constitute a cause of action. Its substantial averments are that appellant is a corporation; that appellee Hawley was, on June 3, 1898, appointed administrator of the estate of David C. Stewart, deceased; that he then qualified and entered upon the duties of said trust; that on December 20, 1897, appellant obtained a judgment against Stewart, then in life, for $87.75 and costs, which judgment was in full force and unpaid at the time of Stewart's death, and was a valid charge and lien against the assets of his estate; that said administrator took possession of said assets; that no part of said sum evidenced by said judgment was paid by him; that the full amount thereof is due and unpaid; that said administrator filed inventories showing assets to the amount of $2,175.63; that he learned that said estate would be insolvent after the payment of the statutory allowance of $500 to the widow Veda Stewart; that notwithstanding such knowledge he failed to settle the estate as insolvent, but proceeded to settle it as a solvent estate without giving any notice that it would be settled as insolvent; that within thirty days after his appointment said administrator was informed of appellant's judgment,

and he assured appellant that whenever funds came into his hands he would pay said judgment; that he informed appellant that it was not necessary to file a claim against the estate and put it to additional cost, that he knew of the claim and would not settle the estate without giving appellant notice in time to be present, or to have some one present to receive payment; that on June 17, 1899, without having procured an order to settle said estate as insolvent, said administrator filed a report of final settlement, showing that the assets were $2,092.43, and that he had paid all of said sum out upon preferred claims; that in fact all of the preferred claims against said estate amounted to only $906.24; that appellant had no personal service of notice of intention to make final settlement; that it was not present in person or by attorney when such settlement was made; that it was misled by the assurance of said administrator as aforesaid, and thereby prevented from calling the attention of the court to its claim before the approval of said final settlement report; that on June 17, 1899, the court approved said final report, and adjudged said estate to be fully settled; that appellant's judgment was ignored; and that said administrator acted with full knowledge of its rights and fraudulently. It is further averred that appellee Veda Stewart, the widow, knew of appellant's judgment, and colluded with the administrator to prevent it from filing the same, and to deprive it illegally of its due; that except for such action of appellees it would have protected its interests. Prayer, that the order settling said estate be revoked, and the estate reopened.

Section 2558 Burns 1901 provides for the setting aside of the final settlement of an estate for illegality, fraud, or mistake within three years from the date of such settlement. This action was brought within the time named, and in the same court approving the settlement. The facts set out in the complaint are sufficient to establish both illegality and fraud. The purpose of the law is to secure the

equitable and correct disposition of decedents' estates. The administrator represented appellant and the other creditors as well as the heirs of decedent. It was no part of his duty, by sharp practice or deceit, to prevent them, or any of them, from sharing in decedent's assets, and the law will not permit him to do so. The authorities are numerous and direct. *Harter* v. *Songer,* 138 Ind. 161; *Chase* v. *Beeson,* 92 Ind. 61; *Miller* v. *Steele,* 64 Ind. 79; *Crum* v. *Meeks,* 128 Ind. 360.

Judgment reversed, cause remanded, with instruction to overrule demurrers to the complaint, and for further proceedings not inconsistent herewith.