HOME OWNERS' LOAN CORPORATION *v.* BRAXTAN ET AL.

[No. 27,740.    Filed December 1, 1942.    Rehearing denied
December 22, 1942.]

*W. E. Clark* and *Robert L. Mellen,* both of Bedford, for appellant.

*Tucker & Tucker,* of Paoli, and *Connor D. Ross,* of Indianapolis, for appellees.

FANSLER, J.—The appellees Braxtan borrowed $5,200 from the appellant, securing the loan by mortgage upon certain real estate in Paoli, Orange County, known as the Braxtan Hotel. The mortgage was foreclosed and

the real estate ordered sold to satisfy a judgment of $6,092.39 and costs. Pursuant to the decree of foreclosure, the sheriff gave notice that the property would be sold at public auction at the north door of the courthouse in the town of Paoli, between the hours of 10 o'clock a. m. and 4 o'clock p. m., on the 25th day of September, 1937. The appellee Oliver Grosvenor and his attorney came to the courthouse on the day of the sale and asked the sheriff to have the sale early. The attorney for the appellant had told the sheriff he would bid at the sale. The sheriff testified that he had forgotten whether the bid was to be by mail or whether the attorney was to be present. He went to the post office and found no bid in the mail. He then went back to the courthouse and held the sale at the north door at about 10:45 a. m. Grosvenor bid $1,025, and the sheriff sold the property to him. Grosvenor's attorney immediately wrote the deed, which was executed, and recorded at 11:10 a. m. Later, about 1:00 p. m., the attorney for the appellant came to the sheriff, at his residence, and said that he had come for the sale, and asked the sheriff to hold the sale, and offered to bid $6,000 for the property. The sheriff told him that he had already conducted the sale and had sold the property to Grosvenor. They computed the costs, and the appellant's attorney offered to bid $6,000, and tendered the sheriff the costs in cash. Grosvenor's attorney told the sheriff not to accept the money, and the sheriff informed the appellant's attorney that he could not accept the bid.

The appellant began this action by filing its complaint, alleging the above facts and others, on the day of the sale, before 4:00 o'clock p. m. of said day, and before the sheriff had made his return concerning said sale to the clerk of the court. By its complaint, the

plaintiff sought an order declaring the sale to Grosvenor illegal, and that the court either declare the plaintiff to be the purchaser and entitled to a deed for the property or that a resale of the real estate be directed. A demurrer to the complaint by the appellees Braxtan was sustained. The appellees Grosvenor and wife and the sheriff filed an answer in general denial. The cause was submitted to the court for trial. The facts above recited were disclosed by the evidence, and there was evidence that the property was worth between $4,500 and $6,000. At the conclusion of the evidence the court rendered judgment for the defendants. A motion for a new trial was overruled.

Error is assigned upon the overruling of the motion for a new trial, which questions the sufficiency of the evidence.

This is a direct attack upon the sale.

"If, coupled with great inadequacy of price, there are circumstances showing fraud, irregularity or great unfairness, the courts will not hesitate (at least when the attack upon the sale is direct) to set it aside." *Branch* v. *Foust et al.* (1892), 130 Ind. 538, 543, 544, 30 N. E. 631, 633.

" 'A court of equity will set aside a sheriff's sale, even if there has been no fraud, when there is a gross inadequacy of price, and the parties, by reason of mistake or misapprehension, did not attend the sale, and the sacrifice was caused by such mistake or misapprehension.' " *Fletcher et al.* v. *McGill* (1887), 110 Ind. 395, 403, 10 N. E. 651, 655.

"It was his (the sheriff's) duty to sell the property to the best advantage, so as to make the debts demanded by the executions in his hands, without any unnecessary sacrifice of the property of the debtor. The sheriff, acting in such cases as the agent of

both parties, should do justice to both, and is invested with some discretionary power to act, independent of the directions of either party." *Kiser* v. *Ruddick et al.* (1847), 8 Blackf. 382, 384.

There is a clear distinction between direct and collateral attacks on sales of property on execution or decree. *Barnes et al.* v. *Zoercher* (1891), 127 Ind. 105, 26 N. E. 769; *Davis* v. *Campbell et al.* (1859), 12 Ind. 192.

The above principles are well settled.

The appellant insists that the evidence shows actual fraud, but where there is such an inadequacy of price as to work a grave injustice upon either the execution debtor or creditor, actual fraud is not essential, and upon a direct attack the sale may be vacated because of inadvertence, mistake, or abuse of discretion by the sheriff. It was said in *Doe, etc.* v. *Smith* (1837), 4 Blackf. 228, that it is proper to inquire whether the sheriff had exercised a sound legal discretion, and had acted with good faith, or whether his conduct was a flagrant abuse of his power, and a fraud upon the execution-debtor. An abuse of power and failure to exercise sound discretion accomplishes a wrong against and an injury to the parties, regardless of the good or bad faith of the officer, and, where the circumstances warrant, equity will afford relief in one case as well as the other.

It has been said that the sheriff has a wide discretion in fixing the time of sale, but once the time is fixed and the notice given, he has no discretion to change the time, except perhaps in certain cases where the sale, not having been completed, is continued or adjourned. Here the sheriff exercised his discretion by fixing the time of sale at between 10 a. m. and 4 p. m. We find no decision of this court upon the effect of such

a notice. In *McGovern* v. *Union Mutual Life Ins. Co.* (1883), 109 Ill. 151, it was held that a sale advertised to be held "at the hour of eleven o'clock," might be held between eleven and twelve o'clock.

In *Northrop et al.* v. *Cooper et al.* (1880), 23 Kan. 432, 439, it is said: "Secondly, it is contended that the notice was defective in not fixing the precise time of the sale. It read: 'On Monday, the 12th day of November, 1877, between the hours of 10 o'clock A. M. and 4 o'clock P. M. of that day,' etc. We think such a notice sufficient. It is not essential that the precise hour be named. It may be that if it were shown that any person appeared at any time between the specified limits ready to bid, and that the property was struck off at less than its value, the court should in its discretion set aside the sale; but nothing of the kind appears here. The motion is rested upon the supposed defect in the notice, and without a suggestion even that any one was misled, or desired to bid." The opinion is by the distinguished Justice Brewer. Later in the opinion, *Trustees, etc.* v. *Snell* (1857), 19 Ill. 156, is quoted as follows (p. 440 of 23 Kan.): " 'The object of a public sale is, by fairness and competition to evolve the full value of the property exposed, and produce that value in the form of money.' "

The reasonableness of the conclusions reached in these quotations is obvious. The purpose of the sale is not to afford some stranger an opportunity to make off with the property of the judgment defendant to his own great advantage and to the great disadvantage of either the judgment defendant or the judgment creditor. The property here involved is a hotel building. It was originally thought sufficiently valuable to furnish adequate security for a mortgage of $5,200. The judgment on foreclosure was slightly more than

$6,000. These facts appeared upon the record. There was testimony fixing the value of the property at from $4,500 to $6,000. The judgment plaintiff was willing to bid, and did bid, $6,000 for the property, during the hours advertised. The purchaser is the son-in-law of the judgment defendants, but he must be treated as a stranger to the transaction, and this is conceded in the brief. If the sale is permitted to stand, more than $5,000 of the judgment will remain unsatisfied. This $5,000 must either be paid by the judgment defendants or lost by the judgment plaintiff. On the other hand, if the sale is set aside, the purchaser has lost nothing except what seems to be an unconscionable bargain. It has been shown, as suggested by Justice Brewer, that the appellant appeared between the specified time limits for the sale and bid approximately six times the amount Grosvenor bid. We conclude that the sheriff should have withheld closing the sale until after 4 o'clock, and that the court should in its discretion have set aside the sale.

The substantial facts are not in dispute. The judgment is therefore reversed, and the trial court is directed to make an order canceling the deed to the appellee Grosvenor, and directing the sheriff to accept the bid of the appellant and execute and deliver his deed to the property to appellant.

NOTE.—Reported in 44 N. E. (2d) 989.