Mary HACKER, Appellant–Plaintiff,

v.

Douglas HOLLAND, Appellee–Defendant.

No. 24A04–9003–CV–126.

Court of Appeals of Indiana,
First District.

July 30, 1991.

Jon R. Pactor, Indianapolis, for appellant-plaintiff.

Michael A. Douglass, Liberty, for appellee-defendant.

Douglas C. Holland, pro se.

ON PETITION FOR REHEARING

BAKER, Judge.

Defendant-appellee Douglas Holland has petitioned for rehearing, asking us to vacate our earlier decision in *Hacker v. Holland* (1991), Ind.App., 570 N.E.2d 951.

In our earlier opinion, we reversed the trial court's judgment in favor of Holland because the testimony of Holland's expert witness was an improperly admitted misstatement of law. The essence of that testimony was that Hacker had to exhaust her remedies in her underlying claim before bringing suit against Holland.

Holland now claims the testimony was exactly what we held it should be, i.e., testimony on the mitigation of damages, and that it therefore did not warrant reversal. He also claims Hacker did not object to the testimony on the ground we found warranted reversal.

█ The problem with Holland's arguments is that he has not raised them before now. Hacker's original brief contained a lengthy, albeit somewhat rambling, argument concerning the improprieties of the testimony. *Appellant's Brief* at 24–28. In his appellee brief, Holland chose not to respond at all to Hacker's arguments. An appellee's failure to respond to an issue raised by an appellant is akin to failure to file a brief, and subjects the appellee to reversal upon the appellant's showing of *prima facie* error on that issue. *Day, et al. v. Ryan* (1990), Ind.App., 560 N.E.2d 77, 84.

█ Holland should have raised his arguments in his appellee brief, so that we would have had the opportunity to review them on the merits. We cannot now make his case for him. The failure to respond in the appellee brief waives the issues for review on rehearing.

The petition for rehearing is denied.

SULLIVAN, J., concurs in result.

CHEZEM, J., dissents.