**MUTUAL HOSPITAL SERVICES, INC., Appellant–Plaintiff,**

v.

**William BURTON, Personal Representative of the estate of Henry Burton, Appellee–Defendant.**

No. 53A04–9711–CV–492.

Court of Appeals of Indiana.

June 15, 1998.

Loretta Lauer, Gregory T. Lauer, Lauer & Lauer, Martinsville, for Appellant–Plaintiff.

Alphonso Manns, Manns & Manns, Bloomington, for Appellee–Defendant.

## OPINION

BAILEY, Judge.

### Case Summary

Appellant–Claimant Mutual Hospital Services, Inc. ("Collection Agency") appeals the trial court's denial of a claim in probate for services rendered to the decedent by the Indiana University Medical Center ("University Hospital") against William Burton as the personal representative of the Estate of Henry Burton ("Estate"). We reverse.

### Issue

■ Collection Agency raises three issues. However, we restate the dispositive issue as follows:

> Whether the trial court erred in disallowing the claim made by Collection Agency on the behalf of University Hospital when neither the validity of the claim nor the authority of the Collection Agency to collect the claim was disputed.[1]

### Facts/Procedural History

The operative facts are largely undisputed. In July of 1994, Burton was hospitalized at Indiana University Hospital in Indianapolis. Burton's hospital bill amounted to $45,827.17 and was never paid. University Hospital referred Burton's account to Collection Agency for collection. Collection Agency is owned by Indiana University Hospital and

---

1. The Estate raises cross-error asserting that the trial court erred in permitting Collection Agency to amend the claim to include an omitted signature. Our resolution of the first issue would appear to render this issue superfluous. Nevertheless, in *In re Estate of Gerth*, 152 Ind.App. 273, 283 N.E.2d 578, 582 (1972), we held that a trial court erred by refusing claimant permission to amend a claim to supply an omitted verification noting that the Indiana Trial Rules are designed to lead to the disposition of cases on the merits and avoid litigation on procedural points. Therefore, in the present case, we must conclude that the trial court properly allowed Collection Agency to amend its claim to supply the omitted signature.

two other hospitals. Burton's account was never assigned to Mutual. However, there is no dispute that Collection Agency had express written authority from University Hospital to collect the account on its behalf.

Burton died on June 1, 1995. Burton's brother, William Burton, was appointed personal representative of decedent's estate. Collection Agency filed a claim against the Estate "FOR SERVICES RENDERED TO HENRY BURTON BY INDIANA UNIVERSITY MEDICAL CENTER ON AUGUST 1, 1994 IN THE AMOUNT OF 45,-827.17." The Estate denied the claim and the matter was tried before the bench.

At trial, the Estate admitted the decedent received the hospital services upon which the claim was based. However, the Estate objected to the claim on the basis that it had not been signed by the collections supervisor. The trial court granted Collection Agency's motion for leave to amend its claim to add the omitted signature.

The Estate also objected to the Collection Agency's standing to file a claim on behalf of University Hospital on the basis of IND.CODE § 29-1-14-12 which reads in pertinent part as follows:

> if objection be made that the assignor of a claim not assigned by endorsement is not a party to the action, leave shall be given the claimant to amend by making him a party to answer to his interest in the claim and to sue out process against the assignor to answer in that behalf.

Although the trial court noted that Collection Agency's claim for the services rendered by University Hospital was valid, it nevertheless ruled in favor of the Estate on the basis of the statute as follows:

> Mutual Hospital Services' claim is denied because Mutual Hospital Services is not the proper party in interest. Mutual Hospital Services did not present adequate proof that an assignment had been made by the Indiana University Medical Center to Mutual Hospital Services for collection of the debt. There was no request by Mutual Hospital Services for leave to amend the claim by making Mutual Hospital Services the proper party in interest or

by amending the claim to add Indiana University Medical Center as the proper party in interest.

This appeal followed.

## Discussion and Decision

### Standard of Review

█ On appeal of a bench decision, the appellate court will not set aside the judgment unless it is clearly erroneous. Ind. Trial Rule 52(A). When the trial court enters findings on its own motion (as in the present case), specific findings control only as to issues they cover while a general judgment standard applies to any issue upon which the court has not found. *Matter of Estate of Burmeister,* 621 N.E.2d 647, 649 (Ind.Ct.App.1993). In reviewing the findings and judgment of the trial court, we neither reweigh the evidence nor judge the credibility of witnesses. *Roark v. Roark,* 551 N.E.2d 865, 869 (Ind.Ct.App.1990). Rather, we consider only the evidence and reasonable inferences which support the judgment. *Id.* A trial court's judgment will be considered clearly erroneous only if a review of the entire record leaves the appellate tribunal with a definite and firm conviction that a mistake has been made. *Id.*

### Trial Court's Finding

█ At the outset, we address the trial court's finding upon which its decision to deny the claim was based. It is apparent that the court denied the claim for hospital services on the basis of IND.CODE § 29-1-14-12, ruling that Collection Agency was not the proper party to file the claim against the Estate because the claim had not been formally assigned to Collection Agency. However, by its express terms the statute operates only where an "assignor of a claim not assigned by endorsement is not a party to the action...." Thus, IND.CODE § 29-1-14-12 has no application in the case at bar because the claim had not been assigned. Accordingly, we must conclude the trial court's finding, and the judgment based thereon, is clearly erroneous.

*Issue: Whether a Valid, Undisputed
Claim Should Be Allowed*

### A. Duty of Personal Representative

■■■ It is the duty of courts supervising and reviewing the administration of estates to evince vigorous and aggressive honesty on the part of personal representatives and other fiduciaries to ensure that they execute and discharge their duties with scrupulous integrity such that complete confidence in the administration process will prevail. *Helm v. Odle*, 129 Ind.App. 478, 157 N.E.2d 584, 585–86 (1959). An executor or personal representative is regarded as the trustee or agent appointed by law for the benefit and protection of creditors and distributees. *Schumacher v. Adams County Circuit Court*, 225 Ind. 200, 73 N.E.2d 689, 691 (1947); *State v. Kaufman*, 218 Ind. 74, 30 N.E.2d 978, 980 (1941) (personal representative is regarded as an officer of the court and is charged with the responsibility of making the proper distribution of the estate assets). The personal representative of an estate represents the creditors as well as the heirs of the decedent, and the law prohibits the personal representative from preventing bona fide creditors from sharing in decedent's assets. *Kingan & Co. v. Hawley*, 29 Ind.App. 376, 64 N.E. 620, 621 (1902). Moreover, with respect to all bona fide creditors, a personal representative holds the estate in trust and therefore violates the fiduciary responsibility entrusted to him when he acts to prevent the filing, allowance, and payment of bona fide claims. *Chase v. Beeson, Administrator*, 92 Ind. 61, 64 (1883).

### B. Standing of Collection Agency

■■■ The term "collection agency" includes all persons and firms engaged in the collection of claims owed or asserted to be owed to another. IND.CODE § 25–11–1–1. A special agent is authorized to perform one or more specific acts in pursuance of particular instructions or within restrictions necessarily implied from the act to be done. *Allegheny Mutual Casualty Co. v. Franklin*, 513 N.E.2d 658, 659 (Ind.Ct.App.1987). One paying money to an agent authorized to receive it is entitled to credit for the payment as if the payment were made directly to the creditor. *Helms v. American Security Co. of Indiana*, 216 Ind. 1, 22 N.E.2d 822, 824 (1939).

■■■ It is undisputed that Collection Agency had express authority from University Hospital, as its agent, not as an assignee, to collect the account in question from the Estate. Therefore, we can conceive of no reason why Collection Agency may not file a claim against the Estate "FOR SERVICES RENDERED TO HENRY BURTON BY INDIANA UNIVERSITY MEDICAL CENTER ON AUGUST 1, 1994 IN THE AMOUNT OF 45,827.17."

### Conclusion

In the present case, neither the validity of University Hospital's claim nor Collection Agency's authority to collect the claim on the hospital's behalf was disputed. Under these circumstances, the personal representative had an affirmative obligation to settle the bona fide claim with Collection Agency and/or allow the claim against the Estate. As our review of the record has left us with a definite and firm conviction that a mistake has been made, we reverse and remand with instructions that the claim be allowed against the Estate.

Reversed.

NAJAM and RILEY, JJ., concur.