**NATIONAL OIL & GAS, INC.,**
Appellant–Plaintiff,

v.

**David Franklin GINGRICH, et al., Appellees–Defendants.**

No. 17A03–9812–CV–532.

Court of Appeals of Indiana.

Sept. 21, 1999.

Stephen R. Snyder, Thomas W. Vander Luitgaren, Beckman Lawson, LLP, Syracuse, Indiana, Attorneys for Appellant.

Donald J. Stuckey, Claramary Winebrenner, VanHorne & Stuckey, Auburn, Indiana, Attorneys for Appellees.

## OPINION

BAILEY, Judge

### Case Summary

Appellant–Plaintiff National Oil & Gas, Inc. (National Oil) appeals the denial of its petition to set aside a sheriff's sale of real estate formerly owned by Judgment–Debtors David and Pamela Gingrich (Gingrich). The Gingriches' property was sold at the sheriff's sale to Appellee Kenneth Stine who resold it to Appellee DeKalb Investments, Inc. (Appellees will be referred to collectively herein as Stine). Both Appellant National Oil and Appellee Stine appeal the trial court's granting of the motion of Judgment–Creditor Transworld Systems, Inc. d/b/a Credit Management Services (Transworld) for relief from the default judgment entered against it which foreclosed/terminated its judgment lien interest in the Gingriches' property. We affirm in part, reverse in part, and remand with instructions.

### Issues

National Oil raises one issue which we restate as follows:

I. Whether the trial court abused its discretion by denying National Oil's motion to set aside the sheriff's sale.

National Oil and Stine both raise the following restated issue:

II. Whether the trial court abused its discretion by granting Transworld's Ind. Trial Rule 60(B) motion for relief from default judgment.

## Facts/Procedural History

The operative facts are undisputed. In 1997, National Oil initiated the present foreclosure proceedings in the DeKalb Circuit Court with respect to the Gingriches' real estate. (R. 13). National Oil held a mortgage on the property which secured a note with an unpaid balance in the amount of $14,150.00. (R. 15).

The DeKalb County Farm Bureau Cooperative Association Credit Union (Credit Union) was named as a defendant to answer for its mortgage held on the property which secured a note with an unpaid balance in the amount of $48,505.89. (R. 14, 146). Transworld was named as a defendant to answer for a judgment it had obtained against the Gingriches in the DeKalb Circuit Court, the same court in which the present foreclosure proceedings had been filed. (R. 14–15). The amount of Transworld's judgment which remained unpaid was $10,374.61. (R. 200). In the present foreclosure complaint, National Oil referred to the specific cause number of the DeKalb Circuit Court case in which Transworld obtained its judgment. (R. 14–15). However, National Oil did not use these pleadings to obtain Transworld's Indianapolis, Indiana address and/or the name and address of the attorney who had prosecuted the case which resulted in the judgment. (R. 237, 258). Transworld did not answer the complaint and its interests were ordered defaulted and foreclosed when the summary judgment of foreclosure was entered. (R. 145, 194, 261).

Other defendants were named to answer for their interests in the real estate. (R. 15, 49). However, those interests are not pertinent to this appeal.

The Gingriches' real estate was ordered to be sold at a sheriff's sale to be held on March 12, 1998, at 9:00 a.m. (R. 146). Kenneth Stine (Stine), who was not a party to the foreclosure proceedings, attended the sale and made an opening bid in the amount of $49,000.00. (R. 227). Stine and National Oil then made several alternating, competing bids for the property. (R. 227). After Stine bid $69,000.00, National Oil bid $70,000.00. (R. 227–28). As Stine had reached his limit, he did not bid a higher amount. (R. 269). The Sheriff declared National Oil's bid of $70,000.00 to be the winning bid. (R. 228, 269).

National Oil then wrote out and tendered a check drawn on its business account in the amount of $70,000.00. (R. 228, 270). Stine objected on the basis that National Oil's check was not a cashier's or a certified check. (R. 270). The Sheriff then refused the tender of National Oil's check and announced that the property would be resold at a sale to be held at 11:30 that same morning in accordance with Ind.Code § 32–8–16–5(a). (R. 228–29). In anticipation of the rescheduled 11:30 a.m. sale, National Oil's representatives obtained a cashier's check in the amount of $80,000.00. (R. 229).

However, when the parties reassembled for the 11:30 sale, the sheriff announced that the property would be sold to Stine for his opening bid of $49,000.00. (R. 229). Stine sold the property later that day to DeKalb Investments, Inc. at a profit. (R. 229).

National Oil filed a petition to set aside the sheriff's sale. (R. 162).

Transworld entered an appearance and filed a motion for relief from the default judgment entered against it asserting that it had not received notice of the foreclosure proceedings until after the sale. (R. 194–96). National Oil's attorney testified that he placed a telephone call to the Indiana Secretary of State but had been unable to obtain the name of Transworld's registered agent or address. (R. 260). Therefore, National Oil's attorney served a Transworld Systems, Inc. office it found in the Fort Wayne phone book. (R. 235–36). The Fort Wayne office of Transworld Systems, Inc. did not do business as Credit Management Services and the officer there had no knowledge of the judgment obtained in the DeKalb Circuit Court. (R. 197). Transworld submitted the affidavit

of its attorney which was supported by a document prepared by the Indiana Secretary of State indicating that Transworld Systems, Inc. and its registered agent had been listed in the Secretary of State's records since 1982. (R. 240, 242).

After an evidentiary hearing, the trial court upheld the sheriff's sale but set aside the default judgment entered against Transworld. (R. 225–38).

This appeal ensued. National Oil filed an Appellant's brief and Appellant's reply brief. Stine filed an Appellee's brief. As noted above, both Appellant National Oil and Appellee Stine assert that the trial court abused its discretion in granting Transworld's motion for relief from default judgment. Although Transworld's attorney filed an appearance with this court, Transworld did not submit an Appellee's brief.

### Discussion and Decision

#### Standard of Review—Decision after Trial Before the Bench

 As stated in *Keybank National Ass'n v. NBD Bank*, 699 N.E.2d 322, 325–26 (Ind.Ct.App.1998):

> On appeal of a bench decision, the appellate court will not set aside the judgment unless it is clearly erroneous. Ind. Trial Rule 52(A).... Findings of fact are clearly erroneous only when the record lacks any evidence to support them. In reviewing the findings and judgment entered by the trial court, we consider only the evidence favorable to the judgment and all reasonable inferences flowing therefrom, and we will not reweigh the evidence or assess witness credibility. When the trial court enters findings on its own motion (as in the present case), specific findings control only as to issues they cover while a general judgment standard applies to any issue upon which the court has not found. The reviewing court will affirm if the judgment can be sustained on any legal theory supported by the evidence most favorable to the judgment, together with

all reasonable inferences to be drawn therefrom. Where trial court findings on one legal theory are adequate, findings on another legal theory amount to mere surplusage and cannot constitute the basis for reversal even if erroneous.

(citations omitted). A trial court's judgment will be considered clearly erroneous only if a review of the entire record leaves the appellate tribunal with a definite and firm conviction that a mistake has been made. *Mutual Hospital Services, Inc. v. Burton*, 695 N.E.2d 641, 643 (Ind.Ct.App. 1998).

### I. Motion to Set Aside Sheriff's Sale

#### A. Purpose of Sheriff's Sale— Sheriff's Duty

 The purpose of a public sale is to evolve the full value of the property exposed by fairness and competition and to produce that value in the form of money. *Home Owners' Loan Corporation v. Braxtan*, 220 Ind. 587, 44 N.E.2d 989, 991 (1942). As our supreme court has stated:

> It was his [the sheriff's] duty to sell the property to the best advantage, so as to make the debts demanded by the executions in his hands, without any unnecessary sacrifice of the property of the debtor. The sheriff, acting in such cases as the agent of both parties, should do justice to both [debtors and creditors]....

*Id.* (quoting *Kiser v. Ruddick et al.*, 8 Blackf. 382, 383). Thus, it is manifest that the purpose of the sale is not to afford some stranger an opportunity to make off with the debtor's property to his own great advantage and to the great disadvantage of the debtors or creditors. See *Braxtan*, 44 N.E.2d at 991.

#### B. Standard of Review

 A court of equity will not hesitate to set aside a sheriff's sale where there is a gross inadequacy of price and circumstances showing fraud, irregularity, or great unfairness. *Id.* at 990–91.

Where the sheriff's failure to exercise sound discretion in conducting a sale results in a wrong against and an injury to the parties, regardless of the good or bad faith of the sheriff, equity will afford relief. *Id.* at 991. In determining whether to set aside a sale, the trial court will take all relevant circumstances into consideration, including the inadequacy of the price, the effect of any procedural irregularities, inequitable conduct, evidence of mistake or misapprehension, and problems with title. *Newhouse v. Farmers Nat. Bank,* 532 N.E.2d 26, 27 (Ind.Ct.App.1989). We will not set aside the trial court's decision absent an abuse of discretion. *Id.* at 27–28.

### C. National Oil's Contentions

National Oil asserts that the trial court abused its discretion in denying its request to set aside the sheriff's sale on the basis of the sheriff's failure to comply with Ind. Code § 32–8–16–5(a) which reads in pertinent part as follows:

> If the purchaser of any property sold on such foreclosure shall fail to immediately pay the purchase money, the sheriff shall resell the property either on the same day without advertisement or on a subsequent day after again advertising the same as above provided....

National Oil points out that the sheriff's failure to hold the scheduled resale resulted in the property selling for an inadequate price of $49,000.00 as Stine had been willing to pay $69,000.00 and National Oil had been willing to pay $70,000.00 and had brought a cashier's check in the amount of $80,000.00 to the aborted resale.

### D. Prima Facie Error Rule— Failure to Address Issue

 In his appellee's brief, Stine does not address National Oil's argument based on Ind.Code § 32–8–16–5(a). The failure to respond to an issue raised by the appellant is akin to the failure to file a brief. *Laux v. Chopin Land Associates, Inc.,* 615 N.E.2d 902, 906 n. 1 (Ind.Ct.App. 1993); *Hacker v. Holland,* 575 N.E.2d 675, 676 (Ind.Ct.App.1991). Under such circumstances, we may reverse upon a showing of prima facie error on the issue which was not addressed. *Id.*

### E. Analysis

 As discussed earlier, in the present case, after the sheriff refused National Oil's check for $70,000.00, the sheriff announced that the property would be resold later that same morning pursuant to Ind. Code § 32–8–16–5(a). However, after National Oil obtained a cashier's check for $80,000.00 and the prospective purchasers reconvened for the resale, the sheriff announced that the property would be sold to Stine for $49,000.00.

The statute cited above mandated that the property be resold. Moreover, the sheriff's failure to resell the property pursuant to the statute's directive cost the judgment creditors and/or the Gingriches over $20,000.00 which the property would have produced had the property been resold as scheduled.

Our review of the entire record has left this court with a definite and firm conviction that the trial court's decision is clearly erroneous. See *Mutual Hospital Services,* 695 N.E.2d at 643. Under the circumstances, we must conclude that National Oil has established prima facie error in the trial court's denial of National Oil's petition to vacate the sheriff's sale. Therefore, we must reverse and remand with instructions that the sheriff's sale be vacated and that a new sheriff's sale be conducted.[1]

---

1. Stine correctly points out that, if we were to uphold the sheriff's sale (as Stine requests), and uphold the trial court's reversal of the default judgment against Transworld (as we do under Issue II), Stine's ownership of the property would be subject to Transworld's judgment lien. (Appellee's brief at 21). This situation, which resulted from the procedural irregularity caused by National Oil's failure to properly serve Transworld, provides additional support for our conclusion that equity demands that the sheriff's sale be set aside.

## II. Transworld's Motion for Relief From Default Judgment

### A. Appellant's and Appellee's Contention

As stated above, Appellant National Gas and Appellee Stine both assert that the trial court erred in setting aside the default judgment entered against Transworld. National Oil and Stine argue that the evidence indicates that Transworld was not listed by the Indiana Secretary of State and that therefore, the service of process sent to Transworld's Fort Wayne office was sufficient. We disagree.

### B. Prima Facie Error Standard— Failure to File a Brief

 At the outset, we must consider that Transworld has not filed an appellee's brief. When an appellee does not submit a brief, an appellant may prevail by making a prima facie case of error. *Rzeszutek v. Beck,* 649 N.E.2d 673, 676 (Ind.Ct. App.1995). The prima facie error rule protects this court and relieves it from the burden of controverting arguments advanced for reversal, a duty which properly remains with counsel for the appellee. *Id.* However, this court may nevertheless exercise its discretion to decide the case on the merits. *In re Marriage of Jackson,* 682 N.E.2d 549, 551 (Ind.Ct.App.1997). We choose to exercise that discretion in the present case. See *id.*

### C. Standard of Review—Ind. Trial Rule 60(B) Relief from Judgment

 In *Giles v. Giles,* 652 N.E.2d 115, 116–17 (Ind.Ct.App.1995), we noted:

A T.R. 60(B) motion is addressed to the equitable discretion of the trial court. In deciding whether or not to grant equitable relief from judgment, the trial court must balance the alleged injustice suffered by the party moving for relief against the interests of the winning party and society in general in the finality of litigation. The grant or denial of T.R. 60(B) relief will be reversed only upon an abuse of discretion; that is, when the trial court's action is against the logic and effect of the facts before it and the inferences which may be drawn therefrom.

(citations omitted). In reviewing the decision of the trial court, we will not reweigh the evidence nor substitute our judgment for that of the trial court. *Butler v. Shipshewana Auction, Inc.,* 697 N.E.2d 1285, 1288 (Ind.Ct.App.1998).

### D. Analysis

 As discussed under Issue I, we have set aside the sheriff's sale and remanded with instructions that a new sheriff's sale be conducted. Transworld's participation in the proceedings will result in additional competition and promote the goal of producing the greatest amount of money from the sale for distribution to the debtors and creditors. The trial court was entitled to reject the self-serving testimony of National Oil's representative to the effect that Transworld's address and registered agent could not be obtained from the Indiana Secretary of State. See *Turner v. State,* 580 N.E.2d 665, 668 (Ind.1991) (noting that the trier of fact may reasonably reject party's self-serving assertion); *Raymundo v. Hammond Clinic, Ass'n,* 449 N.E.2d 276, 282 (Ind.1983) (noting that self-serving statements are not dispositive of issues of fact). As the trial court found, Transworld's Indianapolis address and the name and address of the attorney who had prosecuted Transworld's claim against the Gingriches were readily available from the court records. Therefore, we cannot conclude that the trial court abused its discretion in setting aside the default judgment on the basis of insufficient or defective service of process. See *Wilson v. K.W.,* 497 N.E.2d 244, 246–47 (Ind.Ct.App.1986) (noting that the trial court has discretion to set aside a default judgment under Ind. Trial Rule 60(B)(4) where the defendant had no actual knowledge of the action and was served only by publication); see also *Poteet v. Bethke,* 507 N.E.2d 652, 653–54 (Ind.Ct.App.1987) (noting that a default

judgment must be set aside under Ind. Trial Rule 60(B)(6) where the service of process was defective because the summons was sent to the wrong address). Accordingly, upon remand, Transworld's interest in the property must be determined before the new sheriff's sale is conducted.

### Conclusion

We affirm the trial court's granting of Transworld's motion for relief from default judgment. We reverse the trial court's denial of National Oil's petition to vacate the sheriff's sale. We remand with instructions that Transworld's interest in the property be determined and a new sheriff's sale be conducted.

Affirmed in part, reversed in part, and remanded with instructions.

GARRARD, J., and HOFFMAN, Sr.J., concur.