**GOVERNMENTAL INTERINSURANCE EXCHANGE and County of Delaware, Appellants (Plaintiffs Below),**

v.

**Marion KHAYYATA, Appellee (Defendant Below).**

No. 38A02–8711–CV–00442.

Court of Appeals of Indiana, First District.

Aug. 2, 1988.

Albert C. Harker, Polly A. Stephenson, Kiley, Osborn, Kiley, Harker, Rogers, Michael & Certain, Marion, for appellants.

David S. Wallace, Warner, Wallace, McLaren & Dague, Muncie, for appellee.

ROBERTSON, Judge.

The plaintiff-appellants Governmental Interinsurance Exchange (G.I.E.) and the County of Delaware (County) bring this interlocutory appeal from the denial of their motion for summary judgment.

We reverse.

Facts giving rise to this appeal are that the defendant-appellee, Marion Khayyata, collided with a Delaware County ambulance which was then on an emergency run, at the intersection of Main and High

Streets in Muncie, Indiana. Khayyata sustained property damage as a result of the collision. The County's insurance carrier, G.I.E., immediately investigated the accident and determined Khayyata was at fault. Her insurer denied liability and G.I. E.'s subrogation claim. Neither Khayyata nor her insurer notified the County of a tort claim within 180 days of the accident.

G.I.E. intentionally allowed the 180–day notice period to run before initiating its action against Khayyata. Khayyata responded to G.I.E.'s complaint by answer and counterclaim. In her counterclaim, Khayyata alleged the County's driver was negligent and that the County was liable for her loss based upon the doctrine of respondeat superior. Thereafter, G.I.E. moved for summary judgment, arguing that Khayyata had failed to state a claim upon which relief could be granted because she did not give notice of her claim, pursuant to the Indiana Tort Claims Act (ITCA), IND.CODE 34–4–16.5–1 *et seq*. Additionally, the question was raised regarding the applicability of IND.CODE 34–4–33–8 which exempts governmental entities from the comparative fault statutes.

The trial court denied the motion for summary judgment. The two issues in this appeal are stated as:

(1) whether there were disputed issues of fact and the trial judge correctly applied the law when he denied the summary judgment motion filed by G.I.E. and the County where the appellee-defendant and counter-claimant Khayyata gave no notice of her negligence tort claim pleaded in her counterclaim; and

(2) whether the trial judge correctly applied the law when he ordered that comparative fault applied to G.I.E. and the County despite the provisions of the governmental entity exception to the Comparative Fault Act.

## I.

For the reasons stated below, we are of the opinion that Khayyata was required to give notice to the County.

I.C. 34–4–16.5–7 says, with certain exceptions not applicable to this appeal, that a claim is barred against a political subdivision unless notice of that claim is filed with the governing body of the political subdivision within 180 days after the loss occurs. No distinction is made between claims, counterclaims, or cross-claims in the ITCA. It is also important to note that no question of substantial compliance is presented in this appeal for the reason that no notice of any kind was given to the political subdivision within the applicable 180–day period. Neither is there any question of waiver of notice of claim on the part of the political subdivision.

Additionally, actual knowledge of the occurrence on the part of the political subdivision does not relieve a claimant of the duty to give notice of the claim. *Bd. of Aviation Com'rs v. Hestor* (1985), Ind.App., 473 N.E.2d 151.

We are of the opinion that because of the plain language of the statute here under consideration notice was required to be given by Khayyata and the failure to do so bars her claim. Even though a counterclaim was used by her to pursue her loss, it was a claim nonetheless and subject to the notice provision of the ITCA. The direct language of the statute allows no other construction.

However, we are of the further opinion that Ind.Rules of Procedure, Trial Rule 13(J) comes into play under the facts of this case. The pertinent part of the rule reads:

(J) Effect of Statute of Limitations and Other Discharges at Law. The statute of limitations, a nonclaim statute or other discharge at law shall not bar a claim asserted as a counterclaim to the extent that:

(1) It diminishes or defeats the opposing party's claim if it arises out of the transaction or occurrence that is the subject-matter of the opposing party's claim, or if it could have been asserted as a counterclaim to the opposing party's claim before it (the counter-claim) was barred;

To the extent T.R. 13(J) is applicable under the facts of this case Khayyata should be able to avail herself of its protection. In so holding we are mindful of the holding in

*Matter of Compton's Estate* (1980), Ind. App., 406 N.E.2d 365; however, we believe that case distinguishable in that relitigation of established estate values was involved. In this case relitigation of established facts and issues is not involved by invoking T.R. 13(J).

## II.

■ G.I.E. maintains the trial court erred when it determined that the governmental entity exception, I.C. 34–4–33–8 [1], did not apply and concluded comparative fault principles would govern the trial of Khayyata's counterclaim against the County. Khayyata argued before the trial court and here that application of I.C. 34–4–33–8 to her claim would be unjust and extremely harsh because in the County's suit against her, the County would be permitted to recover all or a portion of its loss by showing that Khayyata was at least 51% negligent, but, by virtue of I.C. 34–4–33–8, common law negligence would apply to her claim against the County and would permit the State to raise contributory negligence as a defense. Khayyata points out that if the County is successful in demonstrating that she was contributorily negligent, the defense would operate as a complete bar and would preclude her from recovering any portion of her loss.

We acknowledge, as have the commentators, that there are inequities occasioned by application of the governmental entity exception contained in Indiana's Comparative Fault Act. *See e.g.* L. Eilbacher, *Nonparty Tortfeasors in Indiana: The Early Cases,* 21 Ind.L.Rev. 413, 424 (1988); Wilkins, *The Comparative Fault Act at First (Lingering) Glance,* 17 Ind.L.Rev. 687, 729 (1984). We are also cognizant of the practical difficulties facing the trial court in instructing the jury and conducting the trial. *See e.g. State v. Schuetter* (1987), Ind.App., 503 N.E.2d 418. Nonetheless, the legislature chose to include such an exception, and where the meaning of the legislative enactment is clear and unambiguous, our duty is to give effect to the plain and manifest meaning of the language used and apply the provision as the legislature intended. *Dague v. Piper Aircraft Co.* (1981), 275 Ind. 520, 418 N.E.2d 207, 210; *State ex rel Bynum v. LaPorte Superior Court No. 1* (1973), 259 Ind. 647, 291 N.E.2d 355, 357. The words "does not apply in any manner" are subject to but one interpretation: the comparative fault legislation was not intended to be applied to any tort claims against a governmental entity. To interpret section eight in any other manner would ignore both the letter and intent of the statute.

Judgment reversed.

NEAL and SULLIVAN, JJ., concur.

---

1. This chapter does not apply in any manner to tort claims against governmental entities or public employees under IC 34–4–16.5–1 et seq.