**INDIANA DEPARTMENT OF HIGHWAYS, Appellant–Defendant Below,**

v.

**Julianne NAUMANN, Appellee–Plaintiff Below.**

**No. 37A03–9011–CV–511.**

Court of Appeals of Indiana, Third District.

Sept. 18, 1991.

Rehearing Denied Nov. 7, 1991.

Linley E. Pearson, Atty. Gen., Ronald D. Buckler, Deputy Atty. Gen., Office of Attorney General, Indianapolis, for appellant-defendant below.

Stephen Bower, Merrillville, for appellee-plaintiff below.

STATON, Judge.

The Indiana Department of Highways ("the State") appeals the trial court grant of Julianne Naumann's motion to correct error. Naumann prevailed on her motion after the jury returned a verdict in favor of the State in Naumann's tort claim action.[1] The State raises four allegations of trial court error for our review, but our determination of the first issue makes it unnecessary for us to address the remaining claims. The sole issue we review today is whether the trial court erroneously granted Naumann's motion to correct error.

Reversed.

On February 19, 1984, Naumann was driving north on U.S. 41 in Newton County on her return home to Wisconsin, having just completed a visit with her daughter at Indiana State University in Terre Haute. Her husband was in the front passenger seat, and another daughter sat in the back seat. As Naumann entered the intersection of U.S. 41 and State Road 10, a pickup truck driven by Mike Russell was proceeding through the intersection from the west. Russell entered the intersection on a green light, but failed to clear the intersection by the time the light for motorists on U.S. 41 turned green because the heavy load in the back of his truck prevented him from accelerating quickly. Naumann's car collided with the pickup, and the occupants of both vehicles sustained injuries.

Naumann sued the Department of Highways, claiming the State's improper design and maintenance of the traffic control devices at the intersection proximately caused the accident. The State defended,

---

1. *See* IND.CODE 34–4–16.5–1, *et seq.* (1988).

in part, on the theory that Naumann was contributorily negligent for failing to avoid the accident despite her unobstructed view of the intersection. This argument persuaded the jury, which returned a verdict against Naumann.[2]

■ In her motion to correct error, Naumann contended that the verdict was against the weight of the evidence and contrary to law, arguing that her view of the accident scene was irrelevant because she had the right-of-way and operated her vehicle within the posted speed limit. The trial court agreed that the verdict was against the weight of the evidence and clearly erroneous as contrary to or not supported by the evidence. The court then entered a judgment of liability against the State on Naumann's claim, and set the issue of damages for retrial.

■ A trial court will enter judgment under T.R. 59(J)(7) only when it determines that the jury's verdict is clearly erroneous as contrary to law or not supported by the evidence. *American Optical Co. v. Wiedenhamer* (1983), Ind., 457 N.E.2d 181, *reh. denied.* This rule applies to the situation commonly known as a judgment notwithstanding the verdict. *Huff v. Travelers Indemnity Co.* (1977), 266 Ind. 414, 363 N.E.2d 985. In *Huff,* our supreme court ruled that a trial court considering such a motion

> must view only the evidence favorable to the non-moving party and the reasonable inferences to be drawn from that evidence. The trial court may enter judgment only *if there is no substantial evidence or reasonable inference to be adduced therefrom to support an essential element of the claim,* i.e., the evidence must point unerringly to a conclusion not reached by the jury. *McCague v. New York, Chicago & St. Louis R.R.* (1946), 225 Ind. 83, 71 N.E.2d 569, 73 N.E.2d 48. This is the same standard which applies to a motion for judgment

made at the conclusion of the evidence, i.e., there must be a complete failure of proof.

*Id.* at 421, 363 N.E.2d at 990 (emphasis in original); *See also Tancos v. A.W., Inc.* (1986), Ind.App., 502 N.E.2d 109, 114, *trans. denied.* Thus, the trial court may not weigh evidence when considering whether to enter judgment contrary to the verdict. *Huff, supra,* 266 Ind. at 422, 363 N.E.2d at 990–91. If evidence conflicts, but there is relevant evidence to support the claim, the grant of judgment contrary to the verdict is improper. *Id.* at 422, 363 N.E.2d at 991. If the trial court is convinced that the weight of the conflicting evidence preponderates against the jury's verdict, a new trial should be granted. *Id.*

The State argues that the trial court improperly engaged in weighing the evidence in granting judgment to Naumann on liability. We agree. It appears the trial court transposed the separate requirements for special findings set forth in T.R. 59(J). That portion of the rule upon which the State relies provides:

> When a new trial is granted because the verdict, findings or judgment do not accord with the evidence, the court shall make special findings of fact upon each material issue or element of the claim or defense upon which a new trial is granted. Such finding shall indicate whether the decision is against the weight of the evidence or whether it is clearly erroneous as contrary to or not supported by the evidence; if the decision is found to be against the weight of the evidence, the findings shall relate the supporting and opposing evidence to each issue upon which a new trial is granted; if the decision is found to be clearly erroneous as contrary to or not supported by the evidence, the findings shall show why judgment was not entered upon the evidence.

T.R. 59(J).

In its ruling, the trial court determined:

---

2. Because the Comparative Fault Act does not apply to tort claims against a governmental entity, *see* IC 34–4–33–8, contributory negligence operates to bar recovery in actions brought under the Tort Claims Act. *Governmental Int-* surance Exchange v. Khayyata (1988), Ind.App., 526 N.E.2d 745. Naumann's husband, on the other hand, was not negligent and his judgment for the statutory limit of $300,000.00 is not challenged on appeal.

(5) That the State of Indiana had the burden of showing contributory negligence on behalf of Julianne Naumann, and the jury was so instructed.

(6) That the jury's verdict of contributory negligence is against the weight of the evidence.

(7) The supporting evidence that Julianne Naumann was not contributorily negligent is:

(A) Her testimony that she had the green light when she entered the intersection. Julianne testified that as she approached the intersection she had kicked off her cruise control, the light turned green and she resumed her cruise control. That she was going 53 to 55 mph. That when she entered the intersection she saw a vehicle out of the corner of her eye. She turned the wheel but couldn't avoid hitting the vehicle, which was later determined to be the Russell pickup. The pickup had come from the west on S.R. 10.

(B) As a matter of law, Julianne Naumann had the right of way because she had the green light and further she did not have a duty to look to the left and to the right to see if any approaching traffic was going to violate the law. [citations omitted].

(8) That the evidence supporting a finding of contributory negligence could be as follows:

(A) The fact that the visibility at the intersection was clear and there was no obstructions in the meridian [sic] that would have blocked Julianne's view of the Russell pickup as it came into the intersection.

(B) That Julianne was traveling 53 to 55 mph and that she had her cruise control engaged; the speed limit was 55 mph.

(C) That Julianne saw the Russell pickup when she was two to three of her car lengths away (Horizon size), and she did not brake but just turned the wheel to avoid the collision.

(D) The Court incorporates by reference the Transcript of Julianne Naumann's cross-examination, a transcript of which has been filed with the Court. That the only evidence of Julianne's contributory negligence is contained in her cross-examination.

Record, pp. 217–18.

The evidence of contributory negligence referred to by the court includes Naumann's testimony that she was only 50 yards or so away from the intersection traveling at 55 mph when her traffic signal changed from red to green, and that she did in fact look to her left and right prior to entering the intersection.[3]

Thus, while T.R. 59(J) requires special findings relating the supporting and opposing evidence on each issue upon which a new trial is granted, the trial judge in this case articulated the supporting and opposing evidence on the issue upon which he granted judgment, namely, liability. The findings demonstrate that the trial court engaged in the proscribed conduct of weighing evidence in the consideration of whether to grant judgment contrary to the verdict. *See Huff, supra.* The trial court, concluding on the basis of the findings that the verdict was against the weight of the evidence, was only authorized to grant a new trial on the issue of liability. The entry of judgment was inappropriate. *See id.* For these reasons, the trial court grant of Naumann's motion to correct error must be reversed. *See also State v. Haines* (1989), Ind.App., 545 N.E.2d 834, 837–38, *trans. denied* (error for trial judge to weigh evidence in deciding whether to grant defendant's T.R. 50(A) motion for judgment on the evidence after jury verdict for plaintiff).

---

**3.** We do not imply by this statement that Naumann had a duty to maintain a lookout for vehicles which may be violating the law. *See Berg v. Glinos* (1989), Ind.App., 538 N.E.2d 979. We merely note then when a driver does look to the right or the left, and observes a motorist unlawfully proceeding into a preferential lane of traffic without taking corrective action (or fails to observe that which is plainly there), such failings could constitute evidence of negligence. *See Conway v. Evans* (1990), Ind.App., 549 N.E.2d 1092, 1096 (a proper lookout has been defined to mean the duty to see that which is clearly visible or which in the exercise of due care would be visible).

Accordingly, this cause is reversed and remanded with instructions for the trial court to order a new trial as to all issues with respect to Julianne Naumann.

HOFFMAN and RUCKER, JJ., concur.