**FIRST NATIONAL BANK, as Executor of the Estate of Helen M. Anderson, Deceased, Appellant–Plaintiff Below,**

v.

**CITY OF PORTAGE, Indiana; and Richard R. Rebeck, Jr., Appellees–Defendants Below.**

No. 64A03–9107–CV–193.

Court of Appeals of Indiana, Third District.

April 27, 1992.

Duane W. Hartman, Roger A. Weitgenant, Blachly, Tabor, Bozik & Hartman, Valparaiso, for appellant.

Clyde Compton, Jill Madajczyk, Hodges, Davis, Gruenberg, Compton & Sayers, Merrillville, for appellees.

STATON, Judge.

First National Bank, Executor of the Estate of Helen Anderson ("FNB"), appeals the trial court's denial of post-trial motions seeking a judgment of liability against the City of Portage and Richard Rebeck and retrial on the issue of damages. FNB presents for our review a single (restated) issue: whether the trial court was required to enter judgment pursuant to Ind. Trial Rule 59(J)(7) because the jury's verdict was not in accordance with the law and the evidence.

We affirm.

The facts most favorable to the judgment are these. On November 21, 1987, City of Portage emergency medical personnel were called to transport Helen Anderson to Methodist Hospital in Gary, Indiana. Richard Rebeck drove the ambulance while emergency medical technicians rendered aid to Helen, who suffered from cardiac distress and breast cancer. Helen experienced a grand mal seizure en route to the hospital, whereupon EMT Judy Kirby informed Rebeck of the heightened emergency situation.

With ambulance lights and siren activated, Rebeck entered the intersection of Tennessee Street and U.S. Highways 12 & 20 against a red light. A vehicle driven by Antoinette Anderson entered the intersec-

tion and collided with the ambulance. Helen sustained serious injuries in the collision; she died on February 6, 1988.

FNB, as executor of Helen Anderson's estate, filed a wrongful death action against the City of Portage, Richard Rebeck and Antoinette Anderson. On October 18, 1990, a jury returned a verdict in favor of defendants Rebeck and the City of Portage.[1] FNB's motion to correct errors and motion for judgment on the evidence were denied on March 27, 1991.

FNB contends that the trial court should have taken the case from the jury because Rebeck admitted a violation of the Authorized Emergency Vehicle Statute [IND. CODE 9–4–1–25 [2]]. An unjustified violation of a duty dictated by statute is negligence *per se. Dawson by Dawson v. Long* (1989), Ind.App., 546 N.E.2d 1265, 1268, *trans. denied.*

I.C. 9–4–1–25 provided in pertinent part: "(c) The driver of any authorized emergency vehicle when responding to an emergency call or when in the pursuit of an actual or suspected violator of the law or when responding, but not upon returning from a fire alarm, may exercise the privileges set forth in this act, but subject to the conditions herein stated.

(d) The driver of an authorized emergency vehicle may: ... proceed past a red or stop signal or stop sign, but only after slowing down as may be necessary for safe operation; ...

(e) The exemptions herein granted to an authorized emergency vehicle shall apply only when such vehicle is making use of audible and visual signals meeting the requirements of law[.] ...

(f) The foregoing provisions shall not relieve the driver of an authorized emergency vehicle from the duty to drive with due regard for the safety of all persons, nor shall such provisions protect the driver from the consequences of his reckless disregard for the safety of others."

FNB claims that Rebeck admitted his violation of the foregoing statute during cross-examination:

Q: Now, as I understand it, you did not brake. You didn't put the brakes on, did you?

A: At what time? At what point?

Q: At any time prior to the impact.

A: Oh, yes, I had brakes prior to the impact.

Q: You didn't tell Mr. Compton that, did you?

A: Well, that was—During the whole run there was times I had to brake.

Q: Let me ask you this question. I'm sorry. Maybe I misled you. As I understand it, your testimony is, you're proceeding in this intersection between 20 and 25 miles per hour?

A: Yes.

Q: Did you, within the hundred feet prior to the impact, put your brakes on at any time?

A: No. I maintained the speed of 20 to 25 miles per hour.

Q: The only thing you had time to do was swerve?

A: Yes.

Record, pp. 592–93.

FNB asserts that Rebeck's failure to brake within 100 feet of the intersection evinces his failure to comply with I.C. 9–4–1–25(d) by slowing as necessary when proceeding through a red light. However, Rebeck testified that he had slowed the ambulance speed from 40–45 miles per hour to 20–25 miles per hour upon observing a red light. He estimated that he decreased his speed at an approximate distance of 250–300 feet from the intersection. Record, pp. 595–6. Rebeck also testified that he monitored nearby traffic before proceeding into the intersection. He concluded that all vehicles (including the Anderson vehicle) were yielding to the ambulance. Record, p. 577.

A trial court will enter judgment notwithstanding the verdict only when it determines that the verdict is clearly erroneous as contrary to law or not supported by the evidence. T.R. 59(J)(7); *Indiana Dept. of*

---

1. Prior to trial, FNB and Antoinette Anderson entered into a covenant not to sue.

2. This statute, repealed July 1, 1991, was in effect at the time of the accident.

*Highways v. Naumann* (1991), Ind.App., 577 N.E.2d 994, 995, *reh. denied, trans. denied.* When the trial court considers a motion for judgment on the evidence subsequent to the jury's verdict, it must view only the evidence in favor of the nonmoving party and the reasonable inferences to be drawn therefrom. The verdict will be set aside only where the evidence points unerringly to a conclusion not reached by the jury. *Tancos v. A.W., Inc.* (1986), Ind. App., 502 N.E.2d 109, 114, *trans. denied.* In reviewing the trial court's ruling on a motion for judgment on the evidence, we are bound by the same standard. *Id.* at 115.

█ Whether Rebeck failed to exercise due care pursuant to I.C. 9–4–1–25 was a question for jury determination. *Rubin v. Johnson* (1990), Ind.App., 550 N.E.2d 324, 331, *trans. denied.* The record herein discloses evidence and reasonable inferences flowing therefrom to support a finding that Rebeck exercised due care. Where there is evidence in support of a verdict, albeit conflicting, the trial court cannot enter judgment notwithstanding the verdict.[3] *Berg v. Glinos* (1989), Ind.App., 538 N.E.2d 979, 983.

FNB makes a cursory argument that a new trial on the issue of damages should be ordered because "the basis for the jury's decision cannot be ascertained from a general verdict form" and the jury appeared to be "indecisive on apportioning damages." [Brief of Appellant, p. 15] Inasmuch as judgment was properly entered upon the verdict in favor of Rebeck and the City of Portage on the issue of liability, no new trial on the issue of damages is required.

The trial court's denial of FNB's T.R. 59 motion to correct error is affirmed.

GARRARD and RUCKER, JJ., concur.

---

3. Moreover, a judgment of liability against the City of Portage and Rebeck could not be entered solely upon a finding of negligence *per se.* Negligence *per se* does not mean there is liability *per se.* *Dawson, supra* at 1269. Liability is predicated upon the violation of a statutory duty only where the violation is a proximate cause of injury. *Id.*