## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 10 2015, 8:53 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Gregory S. Reising
Gary, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

The Marriage of:

Bernadette C. Jones, f/k/a
Bernadette C. Brunson,

*Appellant,*

and

Bennie Brunson,

*Appellee*

December 10, 2015

Court of Appeals Case No.
45A04-1505-DR-433

Appeal from the Lake Superior
Court

The Honorable Elizabeth F.
Tavitas, Judge

Trial Court Cause No.
45D03-0804-DR-408

**Robb, Judge.**

# Case Summary and Issue

[1]     Bernadette Jones and Bennie Brunson entered into a marital settlement

agreement, which the trial court later incorporated into the couple's final decree

of dissolution. Six years later, Brunson filed a motion to compel Jones to assume the mortgage on the property the couple previously shared. The trial court granted Brunson's motion. On appeal, Jones raises two issues for our review, which we consolidate and restate as whether the trial court erred in granting Brunson's motion to compel. Concluding the trial court erred in granting Brunson's motion to compel, we reverse and remand.

## Facts and Procedural History

At the outset, we note there are few facts in the record.[1] From what we can gather, the parties entered into a stipulated property settlement agreement, and the trial court incorporated the parties' agreement into the final decree of dissolution in the spring of 2009. As a part of the agreement, Brunson "will Quit claim [sic] all right title and interest in the real estate located at 8310 Hickory Ave., Gary, IN to [Jones]. [Jones] shall hold [Brunson] harmless for the liabilities associated with same." Appellant's App. at 12. In addition, the agreement provided,

> In consideration of the premises, each spouse agrees, at the
> request and expense of the other, hereafter to execute and deliver

---

[1] We note two issues with Jones' brief. First, Jones' Statement of the Case does not include appropriate citation to the record on appeal or appendix as required by Appellate Rule 46(A)(5). Second, Jones' Statement of the Facts states, "There are no facts in this Cause of Action which are not stated in the Statement of the Case." Appellant's Appendix at 3. On its face, this satisfies Appellate Rule 46(A)(6) because a party need not repeat statements made during the statement of the case. Here, however, Jones sprinkles factual statements not previously mentioned throughout the Summary of the Argument and Argument sections of her brief. Therefore, Jones' Statement of the Facts does not satisfy Appellate Rule 46(A)(6).

to the other party any and all deeds, bills of sale, instruments of assignment, or other documents, that the other may reasonably require for the purpose of giving full force and effect to the provisions of this Agreement.  If either party hereto for any reason shall fail or refuse to execute any such documents, then this Agreement shall, and it is hereby expressly declared to, constitute full and effective present transfer assignment, and conveyance of all rights hereinabove designated to be transferred, assigned and conveyed and a full, present and effective relinquishment and waiver of all rights herein above designated to be relinquished and waived.

*Id.* at 13 ("Additional Document Provision").

[3]  Nearly six years later, on February 2, 2015, Brunson filed a motion to compel Jones to assume the mortgage on the property.  The trial court held a hearing on the motion.  At the hearing, Brunson, through counsel, alleged the mortgage on the property was frequently delinquent, which negatively affected his credit rating.[2]  Therefore, Brunson argued, the Additional Document Provision required Jones to execute documents assuming the mortgage in order to have the full force and effect of holding Brunson harmless from the liabilities associated with the property.  Jones countered, arguing that compelling her to assume the mortgage would be an act of modifying—not enforcing—the terms

---

[2] In support of Brunson's unverified motion, he attached an uncertified copy of a printout from Chase Bank indicating Jones was late in making her mortgage payments thirteen times over an eighteen-month period. *See Greenfield v. Arden Seven Penn Partners, L.P.*, 757 N.E.2d 699, 703 (Ind. Ct. App. 2001) (holding a trial court should not consider exhibits that are unsworn, uncertified, and/or unverified), *trans. denied.*  Brunson also alleged his credit rating had dropped to 525.  Brunson, however, did not introduce any evidence regarding his credit score.

of the parties' settlement agreement.   The trial court took the matter under advisement.

[4]     On March 12, the trial court issued an order granting Brunson's motion to compel Jones to assume the mortgage.  The trial court reasoned the parties' settlement agreement required Jones to execute documents assuming the mortgage in order to effectuate the hold harmless provision.  Jones filed a motion to correct error, which the trial court denied.  Jones now appeals the trial court's grant of Brunson's motion to compel.

## Discussion and Decision

[5]     Brunson did not file an appellee's brief with this Court.  When an appellee does not submit a brief, an appellant may prevail by making a prima facie case of error.  *Vill. of Coll. Corner v. Town of W. Coll. Corner*, 766 N.E.2d 742, 745 (Ind. Ct. App. 2002).  We define prima facie in this context as "at first sight, on first appearance, or on the face of it."  *Id.*  "Such a rule protects this Court and relieves it from the burden of controverting arguments advanced for reversal, a duty that properly remains with the appellee."  *Mitchell v. Mitchell*, 871 N.E.2d 390, 394 (Ind. Ct. App. 2007).

[6]     Here, the trial court based its decision upon its interpretation of the parties' property settlement agreement, namely the hold harmless provision and Additional Document Provision.  When interpreting settlement agreements, we apply general rules applicable to the construction of contracts.  *Ogle v. Ogle*, 769

N.E.2d 644, 647 (Ind. Ct. App. 2002), *trans. denied*. Therefore, unless the terms of the settlement agreement are ambiguous, they will be given their plain and ordinary meaning. *Id.*

[7] In Indiana, the phrase "hold harmless" is synonymous with "indemnify." *Henthorne v. Legacy Healthcare, Inc.*, 764 N.E.2d 751, 756 (Ind. Ct. App. 2002). "In general, an indemnity agreement involves a promise by one party (indemnitor) to *reimburse* another party (the indemnitee) for the indemnitee's loss, damage, or liability." *Id.* (emphasis added). A duty to indemnify does not arise until the party seeking indemnity suffers loss or incurs damages. *Id.* at 757 (quotation omitted).

[8] Here, the plain meaning of the phrase "hold harmless" does not require Jones to assume the mortgage; the plain meaning of the provision requires Jones to reimburse Brunson if he suffers harm associated with the property. *See id*. at 756. In addition, the Additional Documents Provision requires the parties execute all documents that may be reasonably required "for the purpose of giving full force and effect to the provisions" of the parties' agreement. Appellant's App. at 14. However, we need not look to this provision unless there is evidence showing the full force and effect of the agreement has been compromised, or in other words, evidence showing Jones failed to hold Brunson harmless. There was no such evidence. Brunson's motion to compel was unverified; the Chase Bank records were uncertified; there was no evidence showing Brunson suffered harm; and there was no sworn testimony given at the hearing.

[9] We conclude the trial court committed prima facie error in granting Brunson's motion to compel because there was no evidence Jones was not holding Brunson harmless.

# Conclusion

[10] Jones has presented a case of prima facie error. Concluding there was no evidence Jones was not holding Brunson harmless, we reverse and remand.

[11] Reversed and remanded.

Vaidik, C.J., and Pyle, J., concur.