## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 25 2017, 8:47 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Andrea L. Ciobanu
Ciobanu Law, P.C.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES

Andrew L. Palmison
Dustin J. Tirpak
Rothberg Logan & Warsco LLP
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Janet Caraboa,

*Appellant-Plaintiff,*

v.

Johnson County Fraternal Order of Eagles, Inc. #4132, New Whiteland Post #6978, Inc. Veterans of Foreign Wars, and Paul Martin,

*Appellees-Defendants.*

January 25, 2017

Court of Appeals Case No. 41A01-1606-CT-1435

Appeal from the Johnson Superior Court

The Honorable Kevin M. Barton, Judge

Trial Court Cause No. 41D01-1405-CT-66

**Robb, Judge.**

# Case Summary and Issue

[1] Janet Caraboa appeals the trial court's entry of summary judgment in favor of the Veterans of Foreign Affairs Post 6978 ("VFW") in her action alleging a violation of the Dram Shop Act and negligence against the VFW, the Johnson County Fraternal Order of Eagles #4132 ("FOE"), and Paul Martin. She raises the sole issue of whether the trial court erred in entering summary judgment in favor of the VFW. Concluding the trial court did not err, we affirm.

# Facts and Procedural History

[2] At approximately 1:00 P.M. on July 8, 2012, Martin visited the VFW in Whiteland, Indiana, and ordered a glass of bourbon, his first drink of the day. Six hours later, a now-intoxicated Martin drove to the nearby FOE.[1] At the FOE, Martin consumed at least one alcoholic beverage and mingled with other bar patrons, including Caraboa and her boyfriend, William Rees. Martin admitted to some patrons he was very intoxicated. Thereafter, an altercation ensued between Martin and another patron. The quarrel spilled out into the parking lot where Martin and Rees also began arguing. Martin was approximately sixty feet away from Rees, who was standing in the driver's side doorway of his vehicle. Martin began walking towards Rees and threatened to kill him. Rees knew Martin was unarmed, but Rees retrieved his gun from his

---

[1] Martin does not remember and the record does not demonstrate the number of drinks he consumed at the VFW, but Martin acknowledges he became intoxicated enough that he should not have driven to the FOE.

vehicle. Martin's threats continued and he began running at Rees once he saw the gun in Rees's possession. Rees responded by intentionally firing a warning shot into the ground. The gunshot did not deter Martin and he continued to approach and threaten Rees. Rees then fired three additional gunshots, striking Martin in the ankle, leg, and hip. The gunshot striking Martin's ankle ricocheted and struck Caraboa in the leg. The Whiteland Police Department investigated the shooting, but did not arrest Martin or Rees. In addition, the Johnson County Prosecutor's Office has not charged Martin and Rees with any criminal offenses stemming from the shooting.

[3] On April 30, 2014, Caraboa filed a complaint against the VFW, the FOE, and Martin. As to the VFW, Caraboa alleged it knowingly sold alcohol to a visibly intoxicated Martin which proximately caused Caraboa's injuries in violation of Indiana's Dram Shop Act. As to the FOE, Caraboa alleged the same and further alleged it was liable in negligence as a premises owner. Following a pre-trial conference, the trial court ordered all parties to submit dispositive motions by April 1, 2016. On April 1, 2016, the VFW moved for summary judgment, contending (1) Martin was not visibly intoxicated when it furnished alcohol to him, and (2) the VFW's service of alcoholic beverages to Martin was not the proximate cause of Caraboa's injury. On April 26, 2016, the FOE moved to join the VFW's motion for summary judgment, contending it was similarly situated to the VFW with regard to the facts and arguments presented in the VFW's motion. The trial court denied the FOE's motion to join as untimely, reasoning the motion was essentially an attempt by the FOE to file its own

motion for summary judgment past the April 1, 2016, deadline. On June 2, 2016, the trial court concluded as a matter of law the VFW's act of furnishing alcohol to Martin did not proximately cause Caraboa's injury and entered summary judgment in favor of the VFW. This appeal ensued.[2]

# Discussion and Decision

## I. Standard of Review

When we review a grant or denial of a motion for summary judgment, our standard of review is the same as it is for the trial court. *BGC Entm't, Inc. v. Buchanan*, 41 N.E.3d 692, 697 (Ind. Ct. App. 2015), *trans. denied*. The moving party carries the burden of showing there are no genuine issues of material fact and it is entitled to judgment as a matter of law. *Id.* In Indiana, unlike federal practice, the moving party will not prevail by merely showing the party carrying the burden of proof lacks evidence on a necessary element. *Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014). Rather, "we impose a more onerous burden: to affirmatively 'negate an opponent's claim.'" *Id.* (quoting *Jarboe v. Landmark Cmty. Newspapers of Ind., Inc.*, 644 N.E.2d 118, 123 (Ind. 1994)). If the moving

---

[2] After Caraboa initiated this appeal and filed her Appellant's Brief, only the FOE filed an appellee's brief. In its brief, the FOE contends the entry of summary judgment in favor of the VFW was proper and also raises an issue on cross-appeal: whether the trial court erred in denying its motion to join the VFW's motion for summary judgment. Caraboa then moved this court to strike all portions of the FOE's brief. In a separate order issued contemporaneously with this opinion, we grant Caraboa's motion in part and strike the portion of the FOE's brief dedicated to the cross-appeal issue because the trial court's order denying the FOE's motion is not a final judgment nor was the order certified for interlocutory appeal. As to the remaining portions of the FOE's brief, we deny the motion to strike.

party carries its burden, then the non-moving party must present evidence establishing the existence of a genuine issue of material fact. *Buchanan*, 41 N.E.3d at 697. In deciding whether summary judgment is proper, we consider only the evidence the parties designated to the trial court. *See* Ind. Trial Rule 56(C), (H). We construe all factual inferences in favor of the non-moving party and resolve all doubts regarding the existence of a material issue against the moving party. *Buchanan*, 41 N.E.3d at 697. Indiana's heightened summary judgment standard "consciously errs on the side of letting marginal cases proceed to trial on the merits, rather than risk short-circuiting meritorious claims." *Hughley v. State*, 15 N.E.3d 1000, 1004 (Ind. 2014). "In negligence cases, summary judgment is rarely appropriate. This is because negligence cases are particularly fact sensitive and are governed by a standard of the objective reasonable person—one best applied by a jury after hearing all of the evidence." *Rhodes v. Wright*, 805 N.E.2d 382, 387 (Ind. 2004) (internal citations and quotations omitted).[3]

# III. Dram Shop Act

Caraboa argues the trial court erred as a matter of law in concluding the VFW's act of furnishing alcohol to Martin did not proximately cause her injury.

---

[3] Because the VFW did not file a brief in this case, Caraboa requests this court review the merits of her claims under a prima facie error analysis. Caraboa is correct in asserting an appellant may prevail by making a prima facie case of error when an appellee does not submit a brief. *See Vill. Of Coll. Corner v. Town of W. Coll. Corner*, 766 N.E.2d 742, 745 (Ind. Ct. App. 2002). Regardless, we review summary judgment claims de novo and we are therefore tasked with determining whether the VFW carried its burden and is entitled to judgment as a matter of law.

Indiana's Dram Shop Act imposes civil liability for furnishing alcohol to visibly intoxicated individuals who cause injury. Ind. Code § 7.1-5-10-15.5(b). In order to be held civilly liable, the Act requires (1) the furnishing of alcohol to a visibly intoxicated individual, and (2) the individual's intoxication proximately causes injury. Ind. Code § 7.1-5-10-15.5(b).[4]

[6] Although proximate cause is generally a question of fact, the issue becomes a question of law where only a single conclusion can be drawn from the facts. *Merch. Nat'l Bank v. Simrell's Sports Bar & Grill, Inc.*, 741 N.E.2d 383, 389 (Ind. Ct. App. 2000). In determining whether an act is the proximate cause of an injury, "we consider whether the injury was the natural and probable consequence of the negligent act which, in light of the attending circumstances, could have been reasonably foreseen or anticipated." *Id.* Specifically, the act must set in motion a chain of circumstances which naturally and continuously led to the resulting injury. *Id.* "However, a willful, malicious criminal act of a third party is an intervening act that breaks the causal chain between the alleged negligence and the resulting harm." *Id.*

[7] In *Fast Eddie's v. Hall*, 688 N.E.2d 1270 (Ind. Ct. App. 1997), *trans. denied*, Michael Lamb became intoxicated at the Fast Eddie's bar and began flirting with another patron, Teresa Hall. Hall also became intoxicated and a mutual

---

[4] The trial court concluded the VFW did not designate evidence sufficient to negate the element of Caraboa's claim that the VFW furnished alcohol to a visibly intoxicated Martin and the parties do not dispute this conclusion on appeal.

friend of Lamb's and Hall's drove her to his home where Hall fell asleep in the vehicle. After Lamb left the bar, he went to his friend's house where he found Hall passed out inside the vehicle. Lamb put Hall in his car and drove away from the friend's home before assaulting and murdering her.

[8] After Hall's estate filed a complaint alleging the bar violated the Dram Shop Act, the bar moved for summary judgment, arguing the act of serving alcohol to Lamb and Hall was not the proximate cause of Hall's death because assault and murder were not the natural and probable consequences of Lamb's intoxication. The trial court denied the motion and Fast Eddie's appealed. On appeal, we noted the chain of causation was "extremely tenuous" and determined a reasonable trier of fact could not conclude Fast Eddie's could have reasonably foreseen the series of events culminating in Hall's death. *Id*. at 1275 (noting further that even assuming the attending circumstances showed a stronger chain of causation, "Lamb's intentional criminal acts were the intervening cause of Hall's death which broke the causal chain between Fast Eddie's negligence and Hall's sexual assault and death").

[9] Similar to *Fast Eddie's*, we find the attending circumstances in the present case to be tenuous at best. Martin had a few drinks at the VFW, became intoxicated, and then drove himself to the FOE, where he continued drinking. At some point, Martin, Rees, and Caraboa exited the FOE and gathered in the parking lot where an argument between Martin and Rees ensued. The quarrel grew in intensity and Martin continuously threatened to kill Rees. Despite having knowledge Martin was unarmed, Rees took the time to retrieve his gun

from the car, confront Martin, and fire four gunshots, one of which ricocheted and struck Caraboa in the leg. We conclude the VFW could not have reasonably foreseen serving alcohol to Martin at its bar would lead to Caraboa being struck in the leg by a ricocheted bullet fired by her boyfriend outside another establishment where Martin consumed more alcohol.[5]

[10] Nonetheless, we find it necessary to further address the impact of Rees's conduct. As noted above, a willful or malicious criminal act by a third party is an intervening act that breaks the causal chain. *Merch. Nat'l Bank*, 741 N.E.2d at 389. There, an individual consumed alcohol at a bar and exited with two friends when the bar closed. An argument then ensued between the individual and another bar patron on the sidewalk outside the bar. At some point, the bar patron shot and killed the individual. On appeal from the trial court's entry of summary judgment in favor of the bar, we concluded the "criminal act of shooting [the individual] was an intervening criminal act that broke the causal chain" and therefore the bar could not be held liable under the Dram Shop Act. *Id*.

[11] Here, Rees knew Martin was unarmed but still responded to Martin's verbal threats by retrieving his gun from his vehicle and intentionally firing three

---

[5] As noted above, the trial court denied the FOE's motion to join the VFW's motion for summary judgment. Although not necessary for the purposes of this appeal, we take this opportunity to address the FOE's contention it is in a factually similar circumstance as to the VFW. When looking at the series of events leading up to Caraboa's injury, the VFW's only role was serving Martin alcohol whereas all other events took place at or outside the FOE. Therefore, the foreseeability analysis with regard to the VFW relies on separate facts as compared to the FOE.

gunshots at Martin, one of which ricocheted and struck Caraboa. Regardless of whether the prosecution filed charges against Rees or whether Rees was justified in shooting Martin, Rees's acts were intentional and broke any causal chain between the VFW's act of furnishing alcohol to Martin and Caraboa's injury. We conclude the trial court did not err in granting summary judgment in favor of the VFW.

# Conclusion

[12] The VFW did not proximately cause Caraboa's injury as a matter of law and we conclude the trial court properly entered judgment in favor of the VFW. Accordingly, we affirm.

[13] Affirmed.

Kirsch, J., and Barnes, J., concur.